# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5033 | **DATE** | 6/29/2012 |
| **CASE TITLE** | Rahsaan E. Edwards (#B-74338) vs. Keefe Commisary Network Sales, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#2] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $38.11 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. His complaint, however, is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which this court can grant relief. This case is terminated. The dismissal of this case counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Having brought this case, the plaintiff remains responsible for the filing fee. The plaintiff's motion for the appointment of counsel [#3] is denied.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, Rahsaam Edwards, currently a state prisoner at Lawrenceville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that Cook County Jail's commissary impermissibly taxes items it sells to pretrial detainees. He specifically refers to a bar of soap he purchased for $0.90 (81 cents plus 9 cents tax). The plaintiff contends that the soap was bought in bulk with a bulk-rate tax, then sold individually, with a tax for each individual sale.

The plaintiff seeks to file his complaint *in forma pauperis*, which the court grants. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $38.11. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.
**(CONTINUED)**

isk

| **STATEMENT** |
|---|

Although the plaintiff may proceed *in forma pauperis*, initial review of the complaint reveals that this case must be dismissed. Under 28 U.S.C. § 1915A, a district court must conduct an initial review of a complaint filed by an incarcerated person and dismiss the suit or any claim therein if it is frivolous, malicious, fails to state a claim upon which this court can grant relief, or seeks money damages against a party immune from such relief.

The plaintiff's claim that the Cook County Jail's commissary impermissibly charged a tax on individual sales after purchasing items in bulk does not state a claim upon which this court can grant relief. Courts have repeatedly held that there is no constitutional right to purchase items at a jail commissary and thus no right to purchase commissary items at a particular price. *See Brown v. Gulash*, No.07-cv-370, 2009 W L 2144592 at *5-6 (S.D. Ill. July 16, 2009) (Gilbert, J.) (collecting cases) and citing *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996); *French v. Butterworth*, 614 F.2d 23, 25 (1st. Cir. 1980). To the extent that the plaintiff contends that the jail commissary imposed an impermissible tax on items, the Seventh Circuit as recognized that "prisons are costly to build, maintain, and operate, and . . . residents are not charged for their room and board." *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001). Non-detained persons are not similarly situated to persons detained in a jail, and "state and local governments are not legally obligated—as it is with Jail detainees—to provide adequate food, clothing, shelter, and medical attention for non-detained citizens. The 'combination of taxes and user charges the state ... [uses to cover] the expense of prisons is hardly an issue for federal courts to resolve.'" *Brown v. Gulash*, 2009 W L 2144592 at *5-6 (quoting *Arsberry*, 244 F.3d at 564); *see also Tenny v. Blagojevich*, 659 F.3d 578, 581-82 (7th Cir. 2011) (Seventh Circuit affirmed dismissal of claims by state inmates that prison commissary exceeded the state statutory cap for prices on prison commissary items as an issue of state, not federal, law).

Accordingly, the court dismisses the complaint for failure to state a claim upon which this court can grant relief. The dismissal of this case counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).